UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RANDOLPH MAXWELL,

         Petitioner,

– against –

STEVEN RACETTE,

         Respondent.

**OPINION AND ORDER**

16 Civ. 8453 (ER)

Ramos, D.J.:

  Randolph Maxwell ("Maxwell") brought a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("the petition"). Doc. 2. On February 22, 2017, this Court referred the case to Magistrate Judge Katharine H. Parker for a report and recommendation. Doc. 10. On October 19, 2017, Maxwell filed an amended petition (the "Amended Petition"). Doc. 28. On August 28, 2018, Judge Parker issued the Report and Recommendation (the "R&R"), recommending that the Amended Petition be denied and notifying Maxwell that he had fourteen days from service of the Report and Recommendation to file written objections. Doc. 39. By a letter dated September 12, 2018, Maxwell filed written objections to the R&R. Doc. 41.

**I. STANDARD OF REVIEW**

  A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 635 (b)(1)(C). Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made. 28 U.S.C. § 636 (b)(1)(C);

*see also United States v. Male Juvenile (95–CR–1074)*, 121 F.3d 34, 38 (2d Cir. 1997). The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F.Supp. 2d 804, 811 (S.D.N.Y. 2008). The district court will also review the report and recommendation for clear error where a party's objections are "merely perfunctory responses" argued in an attempt to "engage the district court in a rehashing of the same arguments set forth in the original petition." *Ortiz v. Barkley*, 558 F.Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted); *see also Genao v. United States*, No. 08 Civ. 9313 (RO), 2011 WL 924202, at *1 (S.D.N.Y. Mar. 16, 2011) ("In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the [R&R] for clear error.").

## II.  DISCUSSION

On April 8, 2010, Maxwell was arrested after he attempted to leave with an electronic keyboard he took from the building located at 95 Pearl Street in Manhattan, by threatening security guards twice with a screwdriver. Doc. 33-2 at 30; Doc. 33-3 at 154-55. Subsequently, Maxwell pleaded guilty to one count of attempted burglary in the second degree, New York Penal Law § 110/140.25 (1)(c)(1), and executed a waiver of appeal in exchange for a promised sentence, as a persistent violent felony offender, of an indeterminate term of twelve years to life imprisonment. Doc. 33-2 at 79-84. At sentencing on December 19, 2011, however, Maxwell stated to the court, *inter alia*, that his counsel misled him into signing a waiver of appeal that Maxwell claimed would prevent him from appealing "anything I found is wrong with my case," and that his counsel rejected his request to file a speedy trial motion under New York Criminal Procedure Law § 30.30 ("§30.30"). *Id*. at 90-91. Maxwell's counsel responded at the time that a

speedy trial motion would not be successful because there had previously been numerous adjournments on consent for plea negotiations and only minimal time was chargeable to the prosecution. *Id*. at 91-92. Maxwell's counsel further stated that the waiver of appeal was necessary in obtaining the favorable plea and that Maxwell could still challenge some aspects of his plea. *Id*. at 92-93. After explaining similarly that the waiver of appeal was a condition of the plea and did not mean that Maxwell could never appeal anything, the sentencing court further noted that Maxwell only raised the § 30.30 argument for the first time after entering his plea that had been preceded by roughly 16 months of plea negotiations, and explained that any time spent on plea negotiations on consent would not be chargeable under § 30.30. *Id*. at 95-96. The court then rejected Maxwell's motion to withdraw his plea and sentenced him to an indeterminate term of twelve years to life. *Id*.

Maxwell's objections either rehash the same arguments set forth in the Amended Petition or do not challenge specific portions of the R&R. *Cf. Davis v. Herbert,* No. 00 Civ. 6691 (RJS)(DFE), 2008 Wl 495316, at *1 (S.D.N.Y. Feb. 25, 2008) (reviewing magistrate judge's report for clear error where petitioner merely repeated arguments previously made in earlier submission and/or raised, for the first time, claims not asserted in his habeas petitions, and did not even attempt to identify any specific errors contained in the report). In particular, Maxwell argues that an actual conflict of interest existed between him and his counsel at sentencing because his motion to withdraw his plea was partially based on his counsel's failure to file a § 30.30 motion and that his counsel's "self-serving statements" about minimal time chargeable under § 30.30 were insufficient to show a lack of legal basis for his motion to withdraw. Doc. 41 at 9. However, Judge Parker specifically reviewed those statements (that Maxwell quoted in the Amended Petition) and rejected that argument in the R&R on the basis that the Second Circuit

expressly found in *U.S. v. Moree*, 220 F.3d 65, 72 (2d Cir. 2000) that a defendant's complaint about counsel's failure to file a § 30.30 motion did not allege an actual conflict, and that Maxwell's counsel's response simply provided information available on the record and was not adverse to Maxwell. *See* R&R at 19 n.2. Maxwell's objection does not identify a basis for error in that decision. Additionally, Maxwell's remaining arguments reiterate substantially the same conclusory statements that his plea was coerced and not knowingly and intelligently entered, which Maxwell raised in the Amended Petition, and fail to address Judge Parker's finding that Maxwell's claims relating thereto are either unexhausted or procedurally barred.

Accordingly, the Court has reviewed Judge Parker's thorough and well-reasoned R&R and finds no error, clear or otherwise. The Court therefore adopts Judge Parker's recommendation to deny the Amended Petition the for reasons stated in the R&R.

For reasons set forth above, Maxwell's petition for a writ of habeas corpus is DENIED. The Clerk of the Court is respectfully directed to enter judgment, mail a copy of this order to Maxwell, and close the case.

Furthermore, because Maxwell has not made a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

It is SO ORDERED.

Dated: October 3, 2019
New York, New York

Edgardo Ramos, U.S.D.J.